# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

PATRICK SAINTIL,

      Petitioner,

v.                                      CASE NO:  8:11-cv-2534-T-30MAP

KEN TUCKER, SECRETARY,
DEPARTMENT OF CORRECTIONS,
et al.,

      Respondents.

_____/

## ORDER

Petitioner Patrick Saintil, an inmate in the Florida penal system proceeding *pro se*, brings this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Dkt. #1).  The Court has considered the petition, Respondent's response (Dkt. #9), and Petitioner's reply (Dkt. #12).  Upon review, the Court determines that the petition must be denied because Saintil does not meet his burden of proof under the *Strickland* standard for claims of ineffective counsel.

## BACKGROUND

Saintil was charged on February 15, 2005, by information for robbery and burglary with assault or battery under Fla. Stat. § 812.13 (1992) and Fla. Stat. § 810.02 (2003), respectively. On January 4, 2005, after closing his store and leaving with a bag of checks and cash from the business, Narahari Patel was approached by three men after he entered his car.

Patel heard a gunshot behind him, and one of the men hit his car window forcefully and then pulled him from the car. His bag containing approximately $4500 in cash, four pre-stamped money orders for $1000 each, and checks was taken. The incident was videotaped by the store's security system, showing a man push Patel and reach around him for the bag (Dkt. #9, Ex. 1A Vol. I at 67). However, the video depicted the incident at a distance and none of the men could be identified from it. Afterwards, the police recovered a cell phone from the scene that contained Saintil's personal information, including contacts and photographs of his family and friends. The day after the incident, Saintil used one of the $1000 money orders as a down payment for a car. Police also found Patel's insurance and Sam's Wholesale cards after a search of Saintil's room. While awaiting trial in jail, Saintil made a recorded collect call to his girlfriend, during which he admitted his participation in the incident:

> [T]hat was when I hit the window. I had hit the window because I had thought that when he got in he locked the door. And when I hit that there as hard as I can and it, boom, know what I'm saying, he turned real quick. And then I snatched the door open.

(Dkt. #9, Ex. 1A Vol. II at 103).

Saintil was found guilty in a jury trial for the lesser-included offense of grand theft rather than robbery. During opening argument, Saintil's counsel told the jury that Saintil "is not guilty of the serious crimes charged but perhaps a lesser [offense] or not guilty" (Dkt. #9, Ex. 1A Vol. 1 Trial at 61). His counsel argued during trial and closing arguments that Saintil had been playing basketball and was not involved in the incident, but she included in her closing that: "[T]his does not rise to the level of principal. It may rise to the level of theft. .

. . [Y]ou as jurors get to weigh the facts . . . and see if the government has proved this case" (Dkt. #9, 1A Vol. II at 231).

At the evidentiary hearing on Saintil's post-conviction motion, trial counsel testified that her mention of theft in opening and closing statements was part of a strategy of "leav[ing] the door open" to theft in order to avoid conviction on a more serious charge (Dkt. #9, Ex. 2F at 328).

Saintil was sentenced as a Habitual Felony Offender to a term of ten years imprisonment. A timely direct appeal was filed on October 14, 2005, and the only issue raised was whether the trial court erred in excluding evidence that would have corrected misinformation regarding the sentence.

Saintil filed a *pro se* motion on April 5, 2007, for post-conviction relief pursuant to Fla. R. Crim. P. 3.850, raising three claims of ineffective assistance of counsel: 1) Counsel Ineffective When Conceding Defendant's Guilt to the Lesser Offense of Grand Theft Without Defendant's Knowledge or Consent; 2) Counsel Ineffective in Failing to Argue During Closing Intent Element to Grand Theft; and 3) Counsel Ineffective in Failing to Request an As Charged Instruction. After the evidentiary hearing, Petitioner's motion was denied in its entirety. The order entered on July 24, 2009, found that none of Saintil's claims raised an error on the part of counsel that constituted ineffectiveness. The lower court concluded that trial counsel's decision to admit theft was sound trial strategy. The Second District Court of Appeal of Florida affirmed without written decision on June 29, 2011. *Saintil v. State*, 70 So.3d 594 (Fla. 2nd DCA 2011).

Saintil filed the instant habeas corpus petition on November 4, 2011, asserting the three grounds of ineffective assistance of counsel argued in his post-conviction motion (Dkt. #1). Respondent acknowledges the timeliness of the petition but argues that the petition should be denied because Saintil has not shown that trial counsel's actions were not supported by an objectively reasonable and professional strategy (Dkt. #9).

## DISCUSSION

### Standards of Review

Matters that have been initially heard and adjudicated on the merits by a state court are governed by 28 U.S.C. § 2254, as amended by the Anti-Terrorism and Effective Death Penalty Act of 1996. *Wilcox v. Florida Dep't of Corr.*, 158 F.3d 1209, 1210 (11th Cir.1998), *cert. denied*, 531 U.S. 840, 121 S.Ct. 103, 148 L.Ed.2d 62 (2000). A writ may issue only if a state court proceeding:

1)  resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or

2)  resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1)-(2); *see Williams v. Taylor*, 529 U.S. 362, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000). A federal court's review of a state court's factual findings is highly deferential, and these findings are presumed to be correct unless rebutted by "clear and convincing evidence." 28 U.S.C. § 2254(e)(1); *see Henderson v. Campbell*, 353 F.3d 880, 889-90 (11th Cir. 2003).

## Standard of Review for Ineffective Assistance of Counsel Claims

Claims of ineffective assistance of counsel are reviewed under the two-part standard set by *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). To prevail, a petitioner must show both that 1) counsel's errors were so serious that counsel's representation "fell below an objective standard of reasonableness" under prevailing professional norms, and that 2) the deficient performance prejudiced him so that there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 688, 104 S.Ct. at 2064, 80 L.Ed.2d 674. Reasonable probability is that which is "sufficient to undermine confidence in the outcome." *Id.*; *see also Lightbourne v. Dugger*, 829 F.2d 1012, 1022 (11th Cir. 1987). That is, it is not enough to show that an error had or may have had some conceivable effect on the outcome; the error must undermine the reliability of the result of the proceeding. *Id.* at 693, 104 S.Ct. at 2067, 80 L.Ed.2d 674. In applying the facts of a particular case, trial counsel's acts must be viewed in light of all the circumstances and at the time of conduct rather than with the distorting effects of hindsight. *Id.* at 690, 104 S.Ct. at 2066, 80 L.Ed.2d 674. Under the *Strickland* standard, counsel is strongly presumed to have rendered adequate and professional assistance so that the challenged action might be considered sound trial strategy. *Strickland v. Washington*, 466 U.S. 668, 689, 104 S.Ct. 2052, 2065, 80 L.Ed.2d 674 (1984) (citing *Michel v. Louisiana*, 350 U.S. 91, 101, 76 S.Ct. 158, 164, 100 L.Ed. 83 (1955)) (internal quotations omitted).

## GROUND ONE: COUNSEL WAS INEFFECTIVE BY CONCEDING DEFENDANT'S GUILT TO THE LESSER OFFENSE OF GRAND THEFT

In ground one, Saintil contends his lawyer was ineffective for admitting his guilt to a lesser offense in her opening statement. He asserts that a concession of guilt, even to that of a lesser offense, equates to a guilty plea rather than trial strategy. However, the Supreme Court has determined that a concession of guilt by counsel to a lesser-included offense is not the functional equivalent of a guilty plea and thus does not, in itself, indicate that a prosecution's case has not been subjected to meaningful adversarial testing. *See Florida v. Nixon*, 543 U.S. 175, 125 S.Ct. 551, 160 L.Ed.2d 565 (2004). In rejecting the Florida Supreme Court's assessment in *Nixon v. Singletary*, 758 So.2d 618 (Fla. 2000), that a defendant's affirmative, explicit acceptance of counsel's strategy is required, the Supreme Court emphasized the difference between a concession of guilt and a guilty plea by stressing that a guilty plea is "more than a confession which admits that the accused did various acts . . . it is a stipulation that no proof by the prosecution need be advanced." *Florida v. Nixon*, 543 U.S. 175, 188, 125 S.Ct. 551, 561, 160 L.Ed.2d 565 (2004) (quoting *Boykin v. Alabama*, 395 U.S. 238, 242-243 n.4, 89 S.Ct. 1709, 1712 n. 4, 23 L.Ed.2d 274 (1969)) (internal quotation marks omitted).

The Eleventh Circuit, similarly, has distinguished a situation in which defense counsel concedes guilt to the offense charged and makes a plea for leniency, and one in which counsel concedes guilt to a lesser charge in the face of overwhelming evidence. The former requires a client's consent while the latter is strategy that may bind a client even without

consultation. *See McNeal v. Wainwright*, 722 F.2d 674, 676-677 (11th Cir. 1984) (citing *Thomas v. Zant*, 697 F.2d 977, 987 (11th Cir. 1984)); *see also Atwater v. State,* 788 So.2d 223, 230 (Fla. 2001).

Under the *Strickland* standard, to show deficiency absent a complete failure to subject the case to meaningful adversarial testing, a petitioner must show that trial counsel's concession strategy was unreasonable. *Nixon*, 543 U.S. at 189, 125 S.Ct. at 561, 160 L.Ed.2d 565. Here, counsel's concessions were reasonable given the evidence connecting Saintil to the crime. Saintil detailed his involvement in the incident in a phone call to his girlfriend, used one of the stolen pre-stamped money orders the day after the incident, had two of the victim's identification cards in his bedroom, and the cell phone recovered near the crime scene contained pictures and contact information for his family and friends. Conceding to grand theft was a valid strategy to gain credibility with the jury and to argue for a lesser offense given the strength of the case against Saintil. *See Nixon v. Florida*, 543 U.S. 175, 192, 125 S.Ct. 551, 563, 160 L.Ed.2d 565 (2004) ("[C]ounsel cannot be deemed ineffective for attempting to impress the jury with his candor and his unwillingness to engage in a useless charade.") (citing *United States v. Cronic*, 466 U.S. 648, 656-657 n. 19, 104 S.Ct. 2039, 2046-2047 n. 19, 80 L.Ed.2d 657 (1984)) (internal quotations omitted).

This claim fails *Strickland*'s prejudice prong as well. Saintil has not shown that but for trial counsel's concession of guilt the outcome of his trial would have been favorably different. To the contrary, counsel's argument had the actual effect of a verdict for a lesser,

third-degree felony offense only, rather than the originally charged, higher-degree felony of robbery. Therefore, Saintil's petition is denied as to ground one.

## GROUND TWO: COUNSEL WAS INEFFECTIVE BY FAILING TO ARGUE THE INTENT ELEMENT OF THE LESSER OFFENSE OF GRAND THEFT DURING CLOSING ARGUMENTS

In support of ground two, Saintil contends:

> No arguement [sic] was put up on the intent element of grand theft. The petitioner wanted the intent element argued but counsel at trial did what she wanted to do. I already told her I was not guilty of anything.

(Dkt. #12 at 9). Saintil's assertion that he would have been completely acquitted but for his counsel's failure to argue lack of intent presumes that such an argument could be reasonably made for the lesser offense charge of grand theft. However, Saintil does not specify in his petition what his counsel should have said about intent during her closing argument. Nor does he offer any facts from the record to support his assertion.

The trial court instructed the jury:

> To prove the crime of grand theft, the State must prove the following two elements beyond a reasonable doubt. Number one, the defendant knowingly unlawfully obtained, used, endeavored to obtain or endeavored to use the property of Mr. Patel. Number two, he did so with the intent to either temporarily or permanently deprive Mr. Patel of his right to the property or any benefit from it, *or to appropriate the property of Mr. Patel to his own use* or to the use of any person not entitled.

(Dkt. #9, Ex. 1A Vol. II at 252) (emphasis supplied). Saintil does not even attempt to explain how his counsel could have argued that he had no intent to "appropriate the property of Mr. Patel to his own use" in the face of the evidence that he used one of the stolen $1000 money

orders the day after the theft. Saintil's friend testified at trial that Saintil gave him the money order as a down payment for a car (Dkt. #9, Ex. 1A Vol. II at 144-146).

And, arguing a lack of intent would have undermined counsel's credibility with the jury and her overall argument that Saintil was not involved in the incident and had some items from the incident only because he had been the "patsy" of friends who had committed the crime (Dkt. #9, Ex. 1A Vol. II at 229). The additional argument that Saintil did use, even though he had no intent to use, the stolen property would not have been logically compatible. *See Chandler v. United States*, 218 F.3d 1305, 1319 (11th Cir. 2000) ("[C]ounsel is not required to present every nonfrivolous defense."); *see also Vinson v. True*, 436 F.3d 412, 419 (4th Cir. 2005) (counsel's failure to argue that petitioner lacked requisite intent element when it was at odds with trial strategy did not deprive petitioner of effective assistance of counsel). Saintil's petition is denied as to ground two.

## GROUND THREE: COUNSEL WAS INEFFECTIVE BY FAILING TO REQUEST AN "AS CHARGED" JURY INSTRUCTION

In support of ground three, Saintil contends:

> Petitioner asserts that trial counsel failed to ask for an as charge [sic] jury instruction when the petitioner asked her to. Petitioner was at trial for Armed Robbery and wanted "as charged" jury instructions to the offense of armed robbery, because from the set [sic] of trial the state could not prove it's [sic] case and the fact that there was no gun ever presented, the as charged jury instruction would have prove [sic] my innocence [sic] to the charge.

(Dkt. #12 at 9). Saintil's assertion that requesting an "as charged" jury instruction would have resulted in his complete acquittal presumes that the jury would not have found him guilty of a higher offense if the lesser had not been available. However, in the face of

overwhelming evidence, trial counsel's request to give the jury the choice of a lesser offense "in order to avoid a conviction on more serious charges" (Dkt. #9, Ex. 2F at 328) is reasonable and consistent with her overall strategy. Saintil has not met his burden of proof for ground three under the *Strickland* standard because he has not shown that counsel's request of a lesser-included offense instruction was objectively unreasonable.

To succeed on a habeas claim based on improper jury instruction, a petitioner must show that the instruction, by itself, so infected the entire trial that the resulting conviction "violated due process" rather than being "merely undesirable, erroneous, or even universally condemned." *Estelle v. McGuire*, 502 U.S. 62, 72, 112 S.Ct. 475, 482, 116 L.Ed.2d 385 (1991) (quoting *Cupp v. Naughten*, 414 U.S. 141, 147, 94 S.Ct. 396, 400–01, 38 L.Ed.2d 368 (1973)); *see also Jamerson v. Sec'y Dep't of Corr.*, 410 F.3d 682, 688 (11th Cir. 2005). The instruction in question must be considered in the context of the entire jury instruction as a whole and the trial record, not in "artificial isolation." *Estelle v. McGuire*, 502 U.S. 62, 72, 112 S.Ct. 475, 482, 116 L.Ed.2d 385 (1991) (quoting *Cupp v. Naughten*, 414 U.S. 141, 147, 94 S.Ct. 396, 400–01, 38 L.Ed.2d 368 (1973)). The Supreme Court has stressed that due process requires lesser offense instructions to be given when the evidence can allow for such an instruction, *Hopper v. Evans*, 456 U.S. 605, 611-612, 102 S.Ct. 2049, 2053, 72 L.Ed.2d 367 (1982), reasoning that juries are likely to resolve doubts in favor of conviction even when one of the elements of the offense remains in doubt, *Beck v. Alabama*, 447 U.S. 625, 633, 100 S.Ct. 2382, 2388, 65 L.Ed.2d 392 (1980). Lesser-included offenses lower this

substantial risk, and it is therefore "no answer" to argue that a defendant may be better off without the lesser-included offense instruction. *Id.*

Moreover, trial counsel's strategy of requesting jury instructions for a lesser-included offense and "leaving the door open" to a lesser charge was reasonable in light of the evidence. Without such an instruction, the jury could have found Saintil to be guilty of the higher, charged offense of robbery if the lesser grand theft one had not been included. The elements of robbery in the jury instructions were substantially the same as grand theft with the addition that "force, violence, assault, or putting in fear was used in the course of the taking" (Dkt. #9, Ex. 1A Vol. II at 245). Given Saintil's own admission that he "hit [the door] as hard as [he] could . . . [a]nd then snatched the door open" (Dkt. #9, Ex. 1A Vol. II at 103), the jury could easily have concluded that Saintil was the man on the video who pushed Patel. Therefore, failing to request an "as charged" jury instruction did not so infect the entire trial that due process was violated. Saintil's petition is denied as to ground three.

It is therefore ORDERED AND ADJUDGED that:

1.      The petition for writ of habeas corpus (Dkt. #1) is DENIED.

2.      The Clerk is directed to enter judgment in favor of Respondents and against the Petitioner, terminate any pending motions, and close this file.

CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL
IN FORMA PAUPERIS DENIED

IT IS FURTHER ORDERED that Petitioner is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to

appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). Id. "A [COA] may issue...only if the applicant has made a substantial showing of the denial of a constitutional right." Id. at § 2253(c)(2). To make such a showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)). Petitioner has not made the requisite showing in these circumstances.

Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

**DONE** and **ORDERED** in Tampa, Florida on June 29, 2012.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies Furnished To**:
Counsel/Parties of Record

F:\Docs\2011\11-cv-2534.deny 2254.frm